UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLYDE J. SISTRUNK**                                                        **CIVIL ACTION**

**VERSUS**                                                                        **NO. 11-889**

**LT. GEORGE BREEDY, ET AL.**                                     **SECTION "J"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Clyde J. Sistrunk, a federal inmate, filed this *pro se* and *in forma pauperis* civil action against Lt. George Breedy, a parish law enforcement official, and George Chaney, Jr., a federal public defender. Although plaintiff's complaint is somewhat convoluted, the gist of his complaint appears to be that he was falsely accused of crimes.[1]

On April 7, 2009, while represented by defendant Chaney, plaintiff pleaded guilty in federal court to one count of possession with intent to distribute a controlled substance. On September 1, 2009, he was sentenced to a term of two hundred sixteen months in prison. United States v. Sistrunk, Crim. Action No. 08-256 (E.D. La.).

Plaintiff alleges that while he was detained on that federal charge in parish jail, he was accused by defendant Breedy of attempting to sell drugs over the telephone on March 26, 2009.

---

[1] Although it is unclear, the complaint could perhaps be construed as also asserting claims against Breedy for placing plaintiff in isolation, using excessive force against him, and/or mistreating him in various other respects. However, even if the complaint is construed as asserting such claims, those claims are subject to immediate dismissal. Any such claims accrued in 2009 when the underlying acts occurred. For the reasons set forth later in this opinion, the claims are therefore frivolous because they prescribed long before this lawsuit was filed in 2011.

Plaintiff contends that the charge was false because the actual subject of that conversation was his truck at a Cadillac dealership. He alleges that he appeared in state court on that charge April 13, 2009; however, the ultimate disposition of that charge is not noted in the complaint.

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

2

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous.

## II.  Plaintiff's Claims

Plaintiff's claims against Breedy are being asserted under 42 U.S.C. § 1983.[3] The foundation for the claims against Chaney is unclear; however, presumably it is either § 1983 or perhaps <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[4] Regardless, a federal court looks to the forum state's personal-injury limitations period for both § 1983 actions and <u>Bivens</u> actions.  <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir. 1998) (§ 1983 action); <u>Gaspard v. United States</u>, 713 F.2d 1097, 1102 n.11 (5th Cir. 1983) (<u>Bivens</u> action).  Therefore, plaintiff's claims are governed by Louisiana's one-year prescriptive period.  <u>Jacobsen</u>, 133 F.3d at 319; <u>Gaspard</u>, 713 F.2d at 1102 n.11; La. Civ. Code Ann. art. 3492.

---

[2]  The court must liberally construe a *pro se* civil rights complaint.  <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

[3]  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

[4]  While § 1983 provides a cause of action against persons acting under color of *state* law, <u>Bivens</u> provides for an analogous cause of action against persons acting under color of *federal* law.

The claims in this lawsuit clearly accrued in 2009.  See Wallace v. Kato, 549 U.S. 384 (2007); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009).  Because plaintiff did not file this lawsuit until March 14, 2011,[5] his claims were not brought within one year of accrual.  Accordingly, even if the Court assumes that plaintiff's claims are otherwise actionable,[6] they are prescribed.  Prescribed claims are properly dismissed as legally frivolous.  See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

---

[5]  A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court.  Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date the complaint was signed, March 14, 2011.

[6]  It is questionable whether plaintiff's claims are in fact otherwise actionable for the following reasons.

As to the claims against Chaney, it appears that he is an improper defendant.  A federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of Bivens.  See Allred v. McCaughey, 257 Fed. App'x 91, 92-93 (10th Cir. 2007); Black v. Barnes, No. 93-16435, 1995 WL 394363 (9th Cir. June 30, 1995); Bradford v. Shankman, No. 85-5150, 1985 WL 13659 (6th Cir. Aug. 12, 1985).

Moreover, the claims against Breedy arise from his role in bringing the state criminal charge against plaintiff.  As noted, it is unclear how that charge was resolved.  However, *if* plaintiff was convicted on that charge, the claim against Breedy would be barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Specifically, Heck bars any false arrest claim until such time as the resulting conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.  See Wallace v. Kato, 549 U.S. 384, 394 (2007); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).  Claims barred by Heck are legally frivolous.  Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

Nevertheless, even if plaintiff has an otherwise actionable claim against Chaney or Breedy, or both, his claim(s) would be still be subject to the one-year limitations period.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-second day of June, 2011.

*[signature]*

**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.