UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLYDE J. SISTRUNK**                                                                    **CIVIL ACTION**

**VERSUS**                                                                                       **NO. 11-889**

**LT. GEORGE BREEDY, ET AL.**                                                     **SECTION "J"(3)**

### O R D E R

Before the Court is the United States Magistrate Judge's Report and Recommendation (Rec. Doc. 11), and Plaintiff's Objections to Magistrate's Report and Recommendation (Rec. Doc. 15). The Report and Recommendation found that Plaintiff's complaint is frivolous because the alleged § 1983 claims are time-barred under the applicable statute of limitations. Plaintiff objects on several grounds, but pertinently here, that his claims are not time-barred because he was prevented from enforcing his rights for reasons external to himself. The Court agrees with the Magistrate Judge's finding that the claims are time-barred.

Plaintiff's cause of action clearly accrued no later than the end of calendar year 2009. Plaintiff's apparent *contra non valentem* argument–that he was prevented from filing suit within the statute of limitations –has no merit. Although Plaintiff argues that he was completely denied access to court due to his being placed incommunicado in prison, any such impediment to action on his rights ended in 2009. Plaintiff was sentenced regarding his federal conviction on September 1, 2009, United States v. Sistrunk, Crim. Action No. 08-256 (E.D. La.) (Rec. Doc. 51), and Plaintiff's own Objection states that "[a]bout two months after sentencing," he was relocated to Victorville Federal Prison in California. Rec. Doc. 15, at 4. This means that no later than November 2009, Plaintiff had been relocated to California, where he does not allege any impropriety by federal prison

officials or law enforcement that would have prevented him from pursuing his alleged § 1983 cause of action. Indeed, Plaintiff's Objection states that after his transfer to federal prison, he was *permitted* access to "the phone, mail, and to the court." Rec. Doc. 15, at 5.

Therefore, the Court agrees with the Magistrate Judge's finding that Plaintiff's cause of action accrued no later than the end of the year 2009.[1] As stated in the Report and Recommendation, Plaintiff did not file the instant lawsuit until March 14, 2011, clearly more than one year after the accrual date. Therefore, his claim is prescribed, and this case is properly dismissed not only on grounds of frivolity, but also because Plaintiff has no cause of action. See 28 U.S.C. § 1915A ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, *or fails to state a claim upon which relief may be granted* . . . .") (emphasis added).

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Plaintiff's Objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Therefore,

---

[1] The Court notes that although reference to state law is appropriate for determining the statute of limitations governing a § 1983 action, "the *accrual date* of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007) (emphasis added). Under federal common-law tort principles, such accrual occurs "when the plaintiff has 'a complete and present cause of action.'" Id. (citing Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)).

**IT IS ORDERED** that Plaintiff Clyde Sistrunk's complaint is **DISMISSED WITH PREJUDICE** as frivolous, and/or for failure to state a claim upon which relief can be granted.

New Orleans, Louisiana, this  22nd  day of July, 2011.

_____
**UNITED STATES DISTRICT JUDGE**